UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THOMAS MICHAEL RODENKIRCH  CIVIL ACTION NO.
(#727047)

VERSUS  18-488-JWD-SDJ

RICKY BABIN

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 23, 2020.

SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS MICHAEL RODENKIRCH (#727047) | CIVIL ACTION NO. |
| VERSUS | 18-488-JWD-SDJ |
| RICKY BABIN | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss ("Motion")[1] filed on behalf of Ricky Babin ("Defendant"). The Motion is opposed.[2] For the following reasons, the undersigned recommends the Motion be granted. Before the Court is also a Motion for Leave to File an Amended Complaint filed by Plaintiff,[3] but the proposed amended complaint does not provide any additional, helpful factual detail, so the undersigned recommends the Motion for Leave to File an Amended Complaint be denied as futile.

### I.    Background

The *pro se* Plaintiff, Thomas Michael Rodenkirch ("Plaintiff"), initiated this action against Ricky Babin on February 8, 2018, in the Eastern District of Louisiana.[4] The action was thereafter transferred to this Court. Plaintiff's original complaint contains one allegation, which is as follows: "[o]n or about Feb. 11 2015 I was charged with DWI and was held without prosecution till court ordered me released on Feb. 21 2017 because time limit to prosecute had expired."[5]

---

[1] R. Doc. 22.
[2] R. Doc. 25.
[3] R. Doc. 21.
[4] R. Doc. 1. In response to a deficiency letter issued by the Eastern District, Plaintiff clarified that the Defendant meant to be named was only Ricky Babin. (R. Doc. 4, p. 2).
[5] R. Doc. 1, p. 3.

**II.     Law & Analysis**

    **A. Standard of Review**

In *Bell Atlantic Corp. v. Twombly*,[6] and *Ashcroft v. Iqbal*,[7] the Supreme Court clarified the standard of pleading that a plaintiff must meet to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[8] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"[11] "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[12]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint."[13] Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[14] Moreover, the federal pleading rules simply require a "short and plain statement of the claim showing that the

---

[6] 550 U.S. 544 (2007).
[7] 556 U.S. 662 (2009).
[8] *Bell Atlantic Corp*. 550 U.S. at 555.
[9] *Ashcroft*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544.
[10] *Id.*
[11] *Id.* at 679.
[12] *Id.* at 678 (internal quotation marks omitted).
[13] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[14] *Id.* (citation omitted).

2

pleader is entitled to relief."[15] The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted.[16] Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation,"[17] or "naked assertions [of unlawful conduct] devoid of further factual enhancement."[18]

### B. Supervisory Liability

As the sole Defendant in this action, Plaintiff has named Ricky Babin, the district attorney for the 23rd Judicial District Court, Parish of Ascension, State of Louisiana. A review of the record demonstrates that Defendant had no personal involvement in Plaintiff's case,[19] and Plaintiff does not allege that Defendant had personal involvement in Plaintiff's case. Indeed, Plaintiff does not allege any facts against Defendant. However, because *pro se* pleadings are to be liberally construed, Plaintiff appears to be bringing a claim based upon Defendant's supervisory role as the district attorney.[20]

Supervisory officials may be held liable under § 1983 only if they actively participate in acts that cause the constitutional violation or implement unconstitutional policies that causally result in plaintiff's injury.[21] Any allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat*

---

[15] Fed. R. Civ. P. 8(a)(2).
[16] *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).
[17] *Papasan v. Allain*, 478 U.S. 265, 286 (1986),
[18] *Ashcroft*, 556 U.S. at 678 (internal quotation marks omitted).
[19] In an attachment to the Motion to Dismiss, Defendant has included a printout of the events that transpired in the pertinent criminal proceeding. The prosecuting district attorney is clearly listed as Sara A. Clarke. (R. Doc. 22-3). Because this underlying criminal proceeding forms the basis of Plaintiff's complaint, it is appropriate to consider these records at this stage. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (citing *Venture Assocs. Corp v. Zenith Data Sys. Corp.*, 987 F.3d 190, 196 (7th Cir. 1993)).
[20] Note, in the proposed amendment, which it is recommended be denied as futile, Plaintiff makes clear that Defendant is sued as a result of his supervisory role. (R. Doc. 21, p. 3).
[21] *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).

*superior* is alone insufficient to state a claim under § 1983.[22]  Further, in the absence of direct personal participation by a supervisory official in the alleged constitutional violation, an inmate plaintiff must be able to show that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law.[23]  A supervisor can be liable if he implements a policy so deficient that the policy itself may be seen as a repudiation of constitutional rights and as the moving force behind a constitutional violation.[24]

Plaintiff does not allege that Defendant was personally involved with any alleged violations of Plaintiff's constitutional rights.[25]  Further, records submitted by Defendant indicate that Defendant had no personal involvement in Plaintiff's case.[26]  Plaintiff has also failed to allege that Defendant implemented a policy or custom that was the moving force behind Plaintiff's detention. Because Plaintiff has failed to allege that Defendant was involved with Plaintiff's detention, either personally or through the adoption of a policy, Defendant's Motion to Dismiss should be granted.[27]

### C.  Motion for Leave to Amend Should be Denied as Futile

On November 26, 2019, Plaintiff filed a Motion for Leave to File an Amended Complaint.[28] In Plaintiff's proposed amended complaint, Plaintiff clarifies that the Defendant in the action is Ricky Babin, who is responsible for the overall operation of the Ascension Parish District

---

[22] *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).  *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").
[23] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).
[24] *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987).
[25] It appears as though Plaintiff was attempting to make a claim under the Fourth Amendment for wrongful seizure of his person.  *See Manuel v. City of Joliet, III*, 137 S.Ct. 911, 919-20 (2017).
[26] R. Doc. 22-3.
[27] *See Craig v. St. Martin Parish Sheriff*, 861 F. Supp. 1290 (W.D. Aug. 22, 1994) (dismissing a district attorney from a suit alleging wrongful seizure of a person in violation of the Fourth Amendment based on the fact that the district attorney was not personally involved in the detention and did not enact or enforce a policy that was unconstitutional and was the driving force of the violation).
[28] R. Doc. 21.

4

Attorney's Office.[29]  As this Court has already recognized, in construing Plaintiff's original pleadings liberally, that Ricky Babin is the named Defendant and that he is named in his supervisory capacity, the amendment is futile, and leave to amend should be denied.

### D. This Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's Potential State Law Claims

To the extent that Plaintiff's allegations may invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[30]  In the instant case, having recommended that Plaintiff's federal claims be dismissed, it is further recommended that the exercise of supplemental jurisdiction be declined.

### RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's Motion for Leave to File an Amended Complaint[31] be **DENIED** as futile.

**IT IS FURTHER RECOMMENDED** that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, the Motion to Dismiss[32] filed on behalf of Ricky Babin be **GRANTED**, and this proceeding be **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on July 23, 2020.

*(signature)*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[29] R. Doc. 21, p. 3.
[30] 28 U.S.C. § 1367.
[31] R. Doc. 21.
[32] R. Doc. 22.